**United States Bankruptcy Court**
**Western District of Arkansas**

In re  **James Phillipson Sharp**                            Case No.
                                    Debtor(s)                Chapter   **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ■     Amended Plan ☐     **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                             ☐ After confirmation

## Part 1: Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

■ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed** *after* **the petition is filed:** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan filed** *before* **confirmation:** Within 21 days after the filing of the amended plan.

☐ **Amended plan filed** *after* **confirmation:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

Debtor(s) **James Phillipson Sharp**                                                                 Case No.

---

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ■ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1** **The debtor(s) will make regular payments to the trustee as follows:**
   *Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**458.00** per month to the trustee. The plan length is **60** months.
   The following provision will apply if completed:

   Plan payments will change to $__ per month beginning on __.

   Plan payments will change to $__ per month beginning on __.
         *(Use additional lines as necessary)*

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Payments shall be made from future income in the following manner:**
   ■ Direct Pay by Debtor(s)

   ☐ Employer Withholding of $_____ per month

         Name of debtor for withholding_____

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
       Employer name:                    _____
       Address:                          _____
                                          _____
       Phone:                            _____


   ☐ Employer Withholding of $_____ per month.

         Name of debtor for withholding _____

      Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
      If other, please specify:____
       Employer name:                    _____
       Address:                          _____
                                          _____
       Phone:                            _____


**2.3** **Income tax refunds.**

Debtor(s) **James Phillipson Sharp**                                                   Case No.

*Check one.*
- ■ Debtor(s) will retain income tax refunds received during the plan term and has allocated the refunds in the budget.

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**    **Additional payments.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1**    **Adequate Protection Payments.**
*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
|  |  |  |  |

**3.2**    **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

Debtor(s) **James Phillipson Sharp**                                                  Case No.

| | |
|---|---|
| **3.6** | **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed. |

## Part 4: Treatment of Fees and Priority Claims

| | |
|---|---|
| **4.1** | **General.** <br> Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest. |
| **4.2** | **Trustee's fees.** <br><br> The trustee's fees are governed by statute and may change during the course of the case. |
| **4.3** | **Attorney's fees.** <br> The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court: |

        Amount paid to attorney prior to filing:  $  **0.00**
        Amount to be paid by the Trustee:  $  **3,500.00**
        Total fee requested:  $  **3,500.00**

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

    The initial fee and percentage rate requested in the application are $ **1,500.00** and **25.00** %, respectively.

| | |
|---|---|
| **4.4** | **Priority claims other than attorney's fees and those treated in § 4.5.** |

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

■ Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---:|
| Department Of The Treasury | Income Tax - 2012 | 19,127.83 |
| State Of Arkansas Fin. Admn. | Income Tax - 2012 | 2,719.62 |

| | |
|---|---|
| **4.5** | **Domestic support obligations.** |

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

| | |
|---|---|
| **5.1** | **Nonpriority unsecured claims.** <br> Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool |

Debtor(s) **James Phillipson Sharp**                                                                Case No.

(monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

**5.2    Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

**6.1    Executory Contracts and Unexpired Leases.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2    Sale of assets.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

■ The debtor(s) propose to sell the described real or personal property after notice and court approval on the following terms and will commit the proceeds as indicated. The debtor(s) also make the provisions listed below if the sale of the property does not ultimately occur.

| Creditor | Property to be sold | Terms of sale | Provision for proceeds and if property does not sell |
|---|---|---|---|
| **Rushmore Loan Mgmt Ser** | **6 White River Cove Holiday Island, AR 72631 Residence: Single Family Home** | | |

**6.3    Claims not to be paid by the trustee.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4    Postpetition claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

Debtor(s) **James Phillipson Sharp**                                   Case No.

## Part 7: Vesting of Property of the Estate

**7.1**     **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

■ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

■ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

**/s/ Joel G. Hargis**                                        Date **June 15, 2018**
**Joel G. Hargis 2004007**
**Signature of Attorney for Debtor(s)**

**/s/ James Phillipson Sharp**                               Date **June 15, 2018**
**James Phillipson Sharp**

                                                             Date _____

**Signature(s) of Debtor(s)**
**(required if not represented by an attorney;**
**otherwise optional)**

| Debtor(s) **James Phillipson Sharp** | | Case No. | |
|---|---|---|---|

# Addendum A

## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1**     **Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **Afni**<br>Attn: Bankruptcy; Po Box 3097; Bloomington, IL 61702 | **4831** | **Opened 11/17** | 191.00 |
| **American Express**<br>P O Box 981535; El Paso, TX 79998 | **7002** | **Credit Card** | 42,148.74 |
| **American Honda Finance**<br>Attn: Bankruptcy; Po Box 168088; Irving, TX 75016 | **6263** | **Opened 04/12  Last Active 8/06/13** | 25,914.00 |
| **Capital One**<br>Attn: General Correspondence/Bankruptcy; Po Box 30285; Salt Lake City, UT 84130 | **0994** | **Opened 12/17  Last Active 2/05/18** | 532.00 |
| **Capital One**<br>Attn: General Correspondence/Bankruptcy; Po Box 30285; Salt Lake City, UT 84130 | **2639** | **Opened 05/17  Last Active 1/05/18** | 331.00 |
| **Cda/Pontiac**<br>Attn:Bankruptcy; Po Box 213; Streator, IL 61364 | **5335** | **Opened 12/16** | 138.00 |
| **Credit Collection Service**<br>Po Box 773; Needham, MA 02494 | **7336** | **Opened  8/28/17** | 66.00 |
| **Credit One Bank**<br>Attn: Bankruptcy; Po Box 98873; Las Vegas, NV 89193 | **6200** | **Opened 03/17  Last Active 12/31/17** | 485.00 |
| **Diamond Resorts Fin'l Serv.**<br>Attn: Bankruptcy; 10600 W Charleston Blvd; Las Vegas, NV 89135 | **1862** | **Opened 01/12  Last Active 7/22/13** | 8,827.00 |
| **Discover Financial**<br>Po Box 3025; New Albany, OH 43054 | **1251** | **Opened 04/12  Last Active 9/06/13** | 2,528.00 |
| **Eueka Springs Hospital**<br>24 Norris St.; Eureka Springs, AR 72632 | **2622** | **Medical**<br>**12/9/2014** | 7,875.88 |
| **Fair Collections & Outsourcing**<br>12304 Baltimore Ave Suite E; Beltsville, MD 20705 | **3946** | **Opened 03/16** | 3,270.00 |
| **Fingerhut**<br>Bankruptcy Dept; 6250 Ridgewood Rd; Saint Cloud, MN 56303 | **0191** | **Opened 12/17  Last Active 1/30/18** | 525.00 |

Debtor(s)  **James Phillipson Sharp**                                                        Case No.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **General Emergency Phys. Esh** P P Box 960454; Oklahoma City, OK 73196 | 0640 | Medical 05/27/2014 | 473.00 |
| **Hisid** 110Woodsdale Drive; Holiday Island, AR 72631 | 2008 | Other Tax 01/18/2018 | 1,834.75 |
| **Hobson Meadows Family Medicine** 1888 Bay Scott Circle; Naperville, IL 60540 | 8566 | Medical 10/1/2018 | 161.97 |
| **Internet Medical Group** P O Box 51051; Newark, NJ 07101 | 7361 | Medical 09/2/2013 | 125.00 |
| **Mabt/contfin** 121 Continental Dr Ste 1; Newark, DE 19713 | 0120 | Opened 04/17  Last Active 12/31/17 | 535.00 |
| **Mercy Hospital** P O Box 504682; St Louis, MO 63150 | 0317 | Medical 08/3/2016 | 265.75 |
| **Mercy Springfield** P O Box 505137; St Louis, MO 63150 | 5603 | Medical 08/3/2016 | 574.68 |
| **Mid America Bk/total C** 5109 S Broadband Ln; Sioux Falls, SD 57108 | 8519 | Opened 04/17  Last Active 1/03/18 | 333.00 |
| **Mid America Bk/total C** 5109 S Broadband Ln; Sioux Falls, SD 57108 | 6905 | Opened 04/17  Last Active 12/31/17 | 333.00 |
| **Naperville Radiologists S C.** 6910 Madison St.; Willowbrookk, IL 80527 | 7101 | Medical 11/30/2015 | 90.86 |
| **New York Prebyterian** P O Box 6154; New York, NY 10249 | 0359 | Medical 08/16/2013 | 51.81 |
| **Northwest Medical Center** 609 W Maple Ave; Springdale, AR 72764 | 3872 | Medical 03/3/2015 | 26.39 |
| **Nwa Pathology Ass. P.a.** 390 E Longview St.; Fayettville, AR 72703 | 4659 | Medical 10/25/2014 | 115.00 |
| **Ozark Ems** P O Box 261; Calico Rock, AR 72519 | Es | Medical 10/24/2014 | 783.40 |
| **Premier Dermatology** 2051 Plainfield Rd.; Crest Hill, IL 60403 | 0008 | Medical 05/25/2015 | 137.59 |
| **Profesional Credit Management Inc** P O Box 4037; Jonesboro, AR 72403 | 0760 | Medical 10/13/2017 | 124.24 |
| **Professional Credit  Mgmt** Po Box 4037; 500 West Washington Ave; Jonesboro, AR 72403 | 4508 | Opened 04/16  Last Active 11/10/16 | 201.00 |
| **Receivables Solution, Inc** P.O. Box 1984; Southgate, MI 48195-0984 | | 044000000317 | 57.06 |

Debtor(s) **James Phillipson Sharp**　　　　　　　　　　　　　　　　Case No.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **Receivavable Solution Inc.**<br>P O Box 206153; Dallas, TX 75320 | 1543 | Medical<br>11/10/2014 | 1,506.35 |
| **Social Secutiry Administration**<br>Southeastern Program Serv Cent; Birmingham, AL 35285-0001 | 270A | | 18,664.00 |
| **Terry Bushay Dds**<br>1 Park Dr,; Suit D; Holiday Island, AR 72621 | None | Medical<br>04/16/2017 | 120.00 |
| **Washington Regional**<br>P O Box 550; Lowel, AR 72745 | 0760 | Medical<br>03/8/2017 | 124.24 |
| **Wrms Clinics**<br>P O Box 550; Lowel, AR 72745 | 0760 | Medical<br>03/8/2016 | 382.89 |

A.2　　**Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| **-NONE-** | | | | Yes<br>No |

Arkansas Plan Form - 12/17　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9